# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| Mark Steffen,<br><br>　　　　　Plaintiff,<br><br>vs.<br><br>Dmatrix, Inc.; Rosherral Beverly; Ricky Towers, Jr.; Lana R. Rucker; David Charlton; and Michael Amie;,<br><br>　　　　　Defendants. | Case No.: 2:13-cv-00876-JAD<br><br>**Order Granting Defenadnt Michael Amie's Motion to Dismiss Plaintiff's First, Second, Third, Fourth, and Eighth Causes of Action.**<br>**[#23]** |

　　　Plaintiff Mark Steffen alleges that he was fraudulently induced to invest in DMATRIX, Inc., an alleged pyramid-scheme corporation whose principals projected false earnings, sold overvalued stock, and made material misrepresentations to cause him to part with $113,000. DMATRIX Director Michael Amie now moves to dismiss Steffen's first, second, third, fourth, and eighth claims for relief as insufficiently pled under FRCP 9(b)'s heightened pleading requirements. I find that Steffen's complaint falls short of satisfying Rule 9(b)'s heightened pleading standard. I grant Amie's motion (Doc. 23) and dismiss Steffen's first, second, third, fourth, and eighth claims with leave to amend.

## Discussion

　　　Federal Rule of Civil Procedure 8(a) provides the basic standard for federal pleadings: "A pleading that states a claim for relief must contain: (1) a short and plain statement of the grounds for the court's jurisdiction . . . .; (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and (3) a demand for the relief sought." A complaint is subject to deeper scrutiny when it contains allegations of fraud. Rule 9 of the Federal Rules of Civil Procedure requires a party to "state with particularity the circumstances constituting fraud or mistake." Rule 9's "particularity" standard requires a plaintiff to "identify the who, what, when, where, and how of the misconduct

1  charged, as well as what is false or misleading about the purportedly fraudulent statement, and why it
2  is false."[1]  This increased detail is required "to give defendants notice of the particular misconduct
3  which is alleged to constitute the fraud charged so that they can defend against the charge and not
4  just deny that they have done anything wrong."[2]  Thus, claims grounded in fraud or mistake must
5  meet both Rule 8's "plausibility" standard and Rule 9(b)'s "particularity" standard.

6       Steffen's first, second, third, fourth, and eighth causes of action are all grounded in fraud and
7  are subject to Rule 9(b)'s heightened pleading standard.[3]  These claims are constructed only of
8  conclusory allegations that do little more than regurgitate the bare elements of each claim.  *See* Doc.
9  1 at 8-12, 14.  Each cause of action also "incorporates by reference" five pages of general factual
10 allegations, but those allegations do not "identify the who, what, when, where, and how of the
11 misconduct charged" or reveal "what is false or misleading about the purportedly fraudulent
12 statement and why it is false."[4]  For example, plaintiff alleges he "is informed and believes that the
13 Defendants made material misrepresentations of fact and failed to disclose material facts which he
14 was entitled to receive that led to his purchasing the unregistered securities."  Doc. 1 at ¶ 21.  Did
15 defendants make material statements to him, or does he just believe they did?  Who made them?
16 When?  And what was false about them?  These questions are not answered—as they must be—by
17 this complaint.

18      Plaintiff also alleges that his damages "were the direct result of the individual Defendant's
19 [sic.] intentional manipulation of the price of the unregistered securities sold to" him.  *Id*. at ¶ 36.
20 But he offers zero explanation of this price manipulation, who performed it, or how it affected the
21 price of these alleged securities.

22      In sum, plaintiff has fallen woefully short of satisfying his Rule 9(b) heightened pleading
23 requirement for his first, second, third, fourth, and eighth claims for relief, leaving the defendants

---

[1] *Ebeid ex rel. United States v. Lungwitz*, 616 F.3d 993, 998 (9th Cir. 2010).

[2] *Semegen v. Weidner*, 780 F.2d 727, 731 (9th Cir. 1985).

[3] *Edwards v. Marin Park, Inc.*, 356 F.3d 1058, 1066 (9th Cir. 2004); *Wool*, 818 F.2d at 1439.

[4] *Lungwitz*, 616 F.3d at 998.

2

unable to fairly answer them. These claims are now dismissed. However, the Ninth Circuit frowns on a Rule 9(b) dismissal without leave to amend unless it is clear that the pleading's deficiencies could not possibly be cured by the allegation of additional, specific facts. *See Vess v. Ciba-Geigy Corp. USA*, 317 F.3d 1097, 1108 (9th Cir. 2003) (citing *Bly–Magee v. California,* 236 F.3d 1014, 1019 (9th Cir. 2001)). Although plaintiff has not requested leave to amend, in the interest of justice, he should be permitted one more opportunity to allege the facts necessary to support these claims. Accordingly, plaintiff has 20 days to file an amended complaint that alleges the detailed facts necessary to support claims one, two, three, four, and eight. Plaintiff should be mindful that the amended complaint must be complete in itself without reference to the original pleading. L.R. 15-1(a). Any claims from the original complaint that are not carried forward and asserted in the amended complaint will be deemed abandoned.

## Conclusion

Accordingly, it is HEREBY ORDERED that Defendant Amie's motion to dismiss **[#23] is GRANTED**. Plaintiff's first, second, third, fourth, and eighth claims for relief are dismissed with leave to amend. Plaintiff's failure to timely file an amended complaint containing the necessary facts to support his first, second, third, fourth, and eighth claims for relief will result in their dismissal with prejudice.

Dated this 8th day of September, 2014.

_____
Jennifer A. Dorsey
United States District Judge