# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| Mark Steffen, <br><br>         Plaintiff, <br><br> vs. <br><br> Dmatrix, Inc.; Rosherral Beverly; Ricky Towers, Jr.; Lana R. Rucker; David Charlton; and Michael Amie;, <br><br>         Defendants. | Case No.: 2:13-cv-00876-JAD-CWH <br><br> **Order Granting Motion to Dismiss [#34] Remaining State Law Claims** |

Plaintiff Mark Steffen alleges that he was fraudulently induced to invest in DMATRIX, Inc., an alleged pyramid-scheme corporation whose principals projected false earnings, sold overvalued stock, and made material misrepresentations to cause him to part with $113,000. DMATRIX Director Michael Amie successfully moved to dismiss Steffen's federal claims (Doc. 32) and now moves to dismiss his remaining state-law claims for lack of subject-matter jurisdiction. Doc. 34.[1] When I dismissed Steffen's federal law claims, I did so with 20 days leave to amend and cautioned that "Plaintiff's failure to timely file an amended complaint containing the necessary facts to support his [federal claims] for relief [would] result in their dismissal with prejudice." Doc. 32 at 3. Steffen's 20-day leave period expired more than two months ago, and he filed no amended complaint. Steffen has not responded to the instant motion to dismiss.

Rule 41(b) of the Federal Rules of Civil Procedure permits a district court to dismiss an

---

[1] Federal Rule of Civil Procedure 12(b)(1) allows a party to move for dismissal of an action for lack of subject matter jurisdiction. "Rule 12(b)(1) jurisdictional attacks can either be facial or factual." *White v. Lee*, 227 F.3d 1214, 1242 (9th Cir. 2000).

action with prejudice for failure to prosecute or comply with a court order.[2]  "In determining whether to dismiss a claim for failure to prosecute or failure to comply with a court order, the Court must weigh the following factors: (1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to defendants/respondents; (4) the availability of less drastic alternatives; and (5) the public policy favoring disposition of cases on their merits."[3]

Consideration of all five factors in this case favors dismissal of Steffen's federal claims with prejudice.  Steffen was given until late September to amend his complaint to cure the deficiencies in his federal claims; he failed to do so and the record is devoid of any indication that he intends to do so.  Steffen has not even responded to the instant motion to dismiss, suggesting further that he may no longer desire to pursue his claims in this forum, so it is in the best interest of the public and this court's docket management that I deem these claims dismissed with prejudice so that I may consider whether I should retain supplemental jurisdiction over Steffen's state-law claims.  I have already explored the less drastic alternatives by permitting plaintiff leave to amend his complaint: an offer he tacitly declined by failing to amend, and I expressly cautioned him that failure to amend would result in the dismissal of his federal claims with prejudice.  *See* Doc. 32 at 3.  In sum, after weighing all of the factors, I find that they favor the conversion of the prior dismissal of plaintiff's federal claims to one with prejudice.

The with-prejudice dismissal of all of Steffen's federal claims leaves only state-law-based claims for breach of contract, bad faith, and conspiracy.  *See* Docs. 1, 32.  28 U.S.C. § 1367(c)(3) permits district courts to "decline to exercise supplemental jurisdiction over" state law claims if "the district court has dismissed all claims over which it has original jurisdiction."  Having dismissed all claims over which this court has original jurisdiction, I decline to exercise supplemental jurisdiction over plaintiff's remaining state law claims and dismiss them under 28 U.S.C.§ 1367(c)(3) without

---

[2] *Chambers v. NASCO, Inc.*, 501 U.S. 32, 44 (1991) (recognizing that a court "may act sua sponte to dismiss a suit for failure to prosecute"); *Hells Canyon Pres. Council v. U.S. Forest Serv.*, 403 F.3d 683, 689 (9th Cir. 2005) ("courts may dismiss under Rule 41(b) sua sponte, at least under certain circumstances").

[3] *Pagtalunan v. Galaza*, 291 F.3d 639, 642 (9th Cir. 2002) (citing *Ferdik v. Bonzelet*, 963 F.2d 1258, 1260 (9th Cir. 1992).

prejudice to their timely refiling in state court.

Accordingly, it is HEREBY ORDERED that plaintiff's first, second, third, fourth, and eighth claims are dismissed with prejudice;

IT IS FURTHER ORDERED that Defendant Michael Amie's motion to dismiss the complaint for lack of subject-matter jurisdiction **[#34] is GRANTED**; **the court declines to continue to exercise supplemental jurisdiction over plaintiff's remaining state law claims** (fifth, sixth, and seventh claims), which are hereby dismissed without prejudice to their refiling in state court.

**The clerk of court is instructed to enter judgment accordingly and close this case.**

Dated this 8th day of December, 2014.

_____
Jennifer A. Dorsey
United States District Judge

3